JAMES J. DAVIS
Attorney at Law
406 W. Franklin St.
P. O. Box 1517
Boise, ID  83701-1517
Telephone:  (208) 336-3244
Facsimile:   (208) 336-3374
Email:  jdavis@davisjd.com
ISB# 2185

Attorney for Defendant


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO


| | |
|---|---|
| MICHAEL S. MIEYR, an individual,  )<br>  )<br>           Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>CITY OF NAMPA, Idaho,  )<br>  )<br>           Defendant.  )<br>_____) | Case No. CV 15-509-CWD<br><br>ANSWER |

COMES NOW City of Nampa, by and through its attorney of record, James J. Davis, and for answer to Plaintiff's Complaint with Demand for Jury Trial ("Complaint"), alleges as follows:

FIRST DEFENSE

Plaintiff's Complaint and each and every count thereof fails to state a claim against this Defendant upon which relief can be granted.

ANSWER, Page 1

## SECOND DEFENSE TO PRELIMINARY STATEMENT

I.

This answering Defendant denies each and every allegation of the Complaint not specifically and expressly admitted herein.

II.

For answer to Paragraph 1, the allegations in the first sentence are admitted. The allegations in the second sentence are denied. As for answer to the third sentence, it is denied that Plaintiff discovered overbilling/underbilling issues. The discrepancies had been detected by an employee in Defendant's IT Department before Plaintiff even started working at Defendant. It is admitted, however, that Plaintiff, along with others, were attempting to identify and resolve the discrepancies. For the last sentence in Paragraph 1, it is admitted that there were discrepancies in billings.

III.

For answer to Paragraph 2, it is admitted that a "Notice of Tort Claim" was delivered to Defendant in December 2014 and more than 90 days have expired.

## SECOND DEFENSE TO JURISDICTION AND VENUE

IV.

For answer to Paragraphs 3 through 5, it is admitted that this Court has jurisdiction.

V.

For answer to Paragraph 6, it is admitted that venue is proper in this Court.

## SECOND DEFENSE TO PARTIES

VI.

For answer to Paragraph 7, it is admitted that Plaintiff was employed by the City of Nampa as Deputy Public Works Director from December 2013 through October 2014. This answering Defendant is without information to form a belief as to the truth of the allegations, however, concerning Plaintiff's current residence, and, therefore, denies the same.

VII.

For answer to Paragraph 8, it is admitted that Defendant is a political subdivision as those terms are defined by the Idaho Tort Claims Act, Idaho Code § 6-901, et seq. The remainder of the allegations are denied.

## SECOND TO DEFENSE TO FACTUAL BACKGROUND

VIII.

For answer to Paragraph 9, it is denied that Plaintiff discovered the billing inconsistencies. It is denied that there was any waste or violations of law. It is admitted that Plaintiff, along with others, were working on discovering and correcting the billing deficiencies. The matter was public, so there was nothing for Plaintiff to report to the City Council.

IX.

For answer to Paragraphs 10 through 12, it is admitted that there were discrepancies in the billings.

X.

For answer to Paragraph 13, it is denied that the only effort by Defendant to correct the discrepancies was an audit.

XI.

For answer to Paragraph 14, it is admitted that Defendant undertook an audit to identify and resolve the billing discrepancies.

XII.

For answer to Paragraph 15, it is admitted that Defendant sought to improve meter reading accuracy to prevent re-reads.

XIII.

For answer to Paragraph 16, it is denied that Plaintiff created an IT position.  Plaintiff, along with Dennis Elledge, IT Director, created the position.  It is admitted that funding for the newly-created IT position was split between the Water and Wastewater Divisions.  It is admitted one of the responsibilities of the position was to manage the new Automated Meter Reading System that was being implemented to reduce and/or eliminate human data entry errors.  It is denied the position was going to report only to Water and Wastewater Divisions.

XIV.

For answer to Paragraph 17, the allegations are admitted.

XV.

For answer to Paragraph 18, it is denied that Dennis Elledge presented any candidate he wanted hired for the position.  It is both admitted and denied that Mike Bell was more qualified than some of the candidates who applied for the position.

ANSWER, Page 4

Ultimately, two individuals, Plaintiff, and another IT Department employee, were the two final candidates for the position.  It is denied that Plaintiff was more qualified than the other finalist.  It is also admitted that the candidates for the position were interviewed.

XVI.

For answer to Paragraph 19, the allegations in the first sentence are denied.  As to the second sentence, the allegations are admitted.

XVII.

For answer to Paragraph 20, this answering Defendant is without information to form a belief as to the truth of the allegations therein, and, therefore, denies the same.

XVIII.

For answer to Paragraph 21, it is admitted that Tina Combs and Plaintiff spoke about the interview process.

XIX.

For answer to Paragraph 22, it is admitted that a report was made to the Human Resources Director that Mike Bell may have conspired with Plaintiff for Mike Bell to obtain the new internal IT position.  It is further admitted that the Human Resources Director investigated the allegations, interviewed Plaintiff during the course of that investigation, and, ultimately determined there was no conspiracy.

XX.

For answer to Paragraph 23, the allegations are admitted.

XXI.

For answer to Paragraph 24, it is admitted that Plaintiff's employment with Defendant was terminated on October 24, 2014. It is further admitted that Plaintiff's supervisor, Michael Fuss, Public Works Director, disagreed with Plaintiff's self-evaluation and told Plaintiff that they were not on the same page.

XXII.

For answer to Paragraph 25, it is admitted that Plaintiff was not given any written disciplinary notices, but he had been orally advised of problems in his job performance, including his lack of interpersonal skills and his general crassness with others.

SECOND DEFENSE TO FIRST CLAIM

XXIII.

For answer to Paragraph 26, this answering Defendant realleges its answers to Paragraphs 1 through 25 as if the same were set out herein in full.

XXIV.

For answer to Paragraph 27, it is admitted that public employees, including Plaintiff, have a protected liberty interest.

XXV.

For answer to Paragraphs 27 through 36, the allegations are denied.

SECOND DEFENSE TO SECOND CLAIM

XXVI.

For answer to Paragraph 37, this answering Defendant realleges its answers to Paragraphs 1 through 36 as if the same were set out herein in full.

XXVII.

For answer to Paragraph 38, this answering Defendant is without information to form a belief as to the truth of the allegations contained therein, and, therefore, denies the same.

XXVIII.

For answer to Paragraphs 39 through 48, the allegations are denied.

SECOND DEFENSE TO THIRD CLAIM

XXIX.

For answer to Paragraph 49, this answering Defendant realleges its answers to Paragraphs 1 through 48 as if the same were set out herein in full.

XXX.

For answer to Paragraph 50, the law of the State of Idaho speaks for itself.

XXXI.

The allegations in Paragraphs 51 and 52 are denied.

XXXII.

For answer to Paragraph 53, Article I, § 9 of the Idaho Constitution and the First Amendment of the United States Constitution speak for themselves.

XXXIII.

For answer to Paragraphs 54 through 57, the allegations are denied.

FIRST AFFIRMATIVE DEFENSE

Defendant is not liable for any alleged violation of civil rights not caused pursuant to a governmental policy or custom.

## SECOND AFFIRMATIVE DEFENSE

Based upon information and belief, Plaintiff failed to take reasonable action to avoid or mitigate any alleged detriment or damage.

WHEREFORE, City of Nampa having fully answered Plaintiff's Complaint, prays as follows:

1. Plaintiff's Complaint be dismissed with prejudice.

2. Defendant be awarded its costs of suit herein incurred.

3. For such other and further relief as to the Court seems just and equitable in the premises.

DATED this 21st day of December, 2015.

/s/ James J. Davis
Email: jdavis@davisjd.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 21st day of December, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send notification of such filing to the following:

- **William H. Thomas**
  wmthomas@thomaswilliamslaw.com, chris@thomaswilliamslaw.com

/s/ James J. Davis
Email: jdavis@davisjd.com